ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5080
   FAX: (408) 535-5066
   Jeffrey.Backhus@usdoj.gov
   Andrew.Dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 14-00028 EJD |
| | ) |
|    Plaintiff, | ) PRETRIAL CONFERENCE STATEMENT |
| | ) |
|   v. | ) Trial Date:  July 10, 2018 |
| | ) Pretrial Conference:  July 2, 2018, at 3:00 p.m. |
| ROSALIO ORTIZ, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

     The United States of America, by and through its counsel of record, Jeffrey A. Backhus and

Andrew Dawson, Assistant United States Attorneys, hereby submits the following Pretrial Conference

Statement in accordance with Criminal Local Rule 17.1-1(b).

    A.     **Overview of the Case**

     On January 16, 2014, a grand jury returned an indictment charging Rosalio Ortiz with one count

of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and

841(a)(1)(A)(viii).  Ortiz has pled not guilty.

1

2

**B.      Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2 (Crim. L.R. 17.1-1(b)(1))**

3

4        The government has to-date complied with the Jencks Act, 18 U.S.C. § 3500, and Federal Rule

5    of Criminal Procedure 26.2.  If any new information is obtained and identified, or determined to be

subject to disclosure, it will be provided promptly to the defense.

6

7

**C.      Disclosure and contemplated use of Grand Jury testimony of witnesses intended to be called at the trial (Crim. L.R. 17.1-1(b)(2))**

8        None of the witnesses intended to be called at the trial testified in grand jury.  In the event the

9    government's anticipated witness list changes and such testimony becomes subject to disclosure, the

10   government will do.

11

12

**D.      Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment (Crim. L.R. 17.1-1(b)(3))**

13       As of this date, the government is in the process of confirming whether there is any exculpatory

14   and/or impeachment information concerning the witnesses expected to testify in its case in chief that

15   would be subject to disclosure pursuant to *Brady*; *Giglio*; *United States v. Bagley*, 473 U.S. 667 (1985);

16   and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  The government has obtained this

17   information as to all its witnesses except one witness.  The government anticipates obtaining any such

18   remaining information shortly and will produce it in advance of trial.

19

20

**E.      Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses (Crim. L.R. 17.1-1(b)(4))**

21       The parties are in the process of discussing potential stipulations of fact and will file any factual

22   stipulations in advance of trial.  In particular, the government has proposed that the parties stipulate to

23   the laboratory results confirming that the seized substance weighed 500 grams or more and contained

24   methamphetamine.

25

26

**F.      Appointment by the Court of interpreters under Fed. R. Crim. P. 28 (Crim. L.R. 17.1-1(b)(5))**

27       The government's cooperating witness will likely require the assistance of a Spanish-language

28   interpreter.  The government will provide an interpreter for that witness.  All of the government's other

1   witnesses speak English.

2   **G.    Dismissal of counts/elimination of issues (Crim. L.R. 17.1-1(b)(6))**

3   There are no counts to dismiss or issues to eliminate.

4   **H.    Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-
5            defendant (Crim. L.R. 17.1-1(b)(7))**

6   There are no issues of joinder or severance.

7   **I.    Identification of informers, use of lineup or other identification evidence and
8            evidence of prior convictions of defendant or any witness, etc. (Crim. L.R. 17.1-
             1(b)(8))**

9   This case does not involve use of lineup or similar eyewitness identification evidence, or

10  evidence of prior convictions of either any witness other than the defendant.  The defense is aware of the

11  identify of the government's cooperating co-conspirator.

12  **J.    Pretrial exchange of lists of witnesses intended to be called in person or by
           deposition to testify at trial, except those who may be called only for impeachment
13          or rebuttal (Crim. L.R. 17.1-1(b)(9))**

14  The government is filing a copy of its witness list contemporaneously with filing this pretrial

15  statement.

16  **K.    Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams
           intended to be offered or used at trial, except materials that may be used only for
17          impeachment or rebuttal (Crim. L.R. 17.1-1(b)(10))**

18  The government also filed a copy of its exhibit list contemporaneously with filing this pretrial

19  statement.

20
    **L.    Pretrial resolution of objections to exhibits or testimony to be offered at trial (Crim.
21          L.R. 17.1-1(b)(11))**

22  Motions *in limine* have been filed to address objections to expected exhibits and testimony.

23  **M.    Preparation of trial briefs on controverted points of law likely to arise at trial
           (Crim. L.R. 17.1-1(b)(12))**

24  Apart from the evidentiary issues raised in the motions *in limine*, the parties are currently

25  unaware of any controverted points of law likely to arise at trial.  The defense has filed a motion to

26  continue the trial date, which remains pending.

27  **N.    Scheduling of the trial and of witnesses (Crim. L.R. 17.1-1(b)(13))**

28

1         The government anticipates that the trial, including jury selection but excluding jury

2 deliberations, will take approximately three to four trial days.

3      **O.**      **Jury voir dire (Crim. L.R. 17.1-1(b)(14))**

4         The government is filing proposed *voir dire* questions contemporaneously with the filing of this

5 pretrial statement.  The government also requests the opportunity to conduct further voir dire.

6      **P.**      **Any other matter which may tend to promote a fair and expeditious trial. (Crim.**

7              **L.R. 17.1-1(b)(15))**

8         The government is unaware of any such matter.

9                                Respectfully submitted,

10                                ALEX G. TSE
                               Acting United States Attorney

11 Dated: June 25, 2018

12                                /s/
                               JEFFREY A. BACKHUS

13                                ANDREW F. DAWSON
                               Assistant United States Attorneys

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28